# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPPARD, | CASE NO. 1:11-cv-00535 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DR. COHEN, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran. Plaintiff names the following individual defendants: Dr. Cohen, M.D.; Sergeant Lopez; Correctional Officer (C/O) Dean; C/O Campbell. Plaintiff claims that defendants forced Plaintiff to take medication in violation of the Due Process Clause of the Fourteenth Amendment.

Plaintiff alleges that on December 13, 2008, he was taken to the Acute Care Hospital because he refused to talk with custody staff or medical staff. Plaintiff had been charged with threatening a peace officer. Dr. Cohen ordered Defendants Lopez, Dean and Campbell to hold Plaintiff down while he was given an injection of Haldol.

Lopez grabbed Plaintiff's right arm, "forcing me face down on the gurney in putting his weight on me in order for me not to move." Campbell grabbed Plaintiff's left arm and "twisted it has he too forced me down on the gurney, also putting his weight into it." Defendant Dean held Plaintiff's head, "putting his weight into it."

After receiving the injection, Plaintiff was released and placed in a holding cage. Plaintiff advised Defendant Lopez that his heart began to beat irregularly. Lopez informed Dr. Cohen, and Plaintiff was taken out of the holding cage and an EKG was performed. Plaintiff alleges that the

EKG "showed some unnormalcy."  Plaintiff was returned to the holding cage without being treated for the heart problem.  Dr. Cohen told Plaintiff that "you loss conscious, because you over dose on drugs or medicine."  Plaintiff alleges that this is a perjured statement.  Plaintiff was admitted to the Acute Care Hospital at CSP Corcoran as a "crisis patient" for the next two days.

Plaintiff attaches as an exhibit to his complaint a copy of the Director's Level Decision of his inmate appeal regarding his forced medication.[1]  The response indicates that on December 13, 2008, Plaintiff was seen by Dr. Cohen but refused to answer any questions.  Plaintiff was then forcefully given a 10 mg injection of Haldol against his will by order of Dr. Cohen.  The response indicates that Plaintiff's appeal was partially granted at the First Level, and "indicated your medical record revealed you took an overdose of drugs and lost consciousness.  Dr. Cohen described you as being extremely angry and irritable.  As you refused to talk, Dr. Cohen was unable to assess adequately.  The usage of involuntary medication was reviewed.  Appropriate action was taken and Dr. Cohen no longer works for CDCR."

Plaintiff previously filed this action in Shepard v. Cohen, et al., case number 1:09-cv-01628 OWW GBC PC.  That action was dismissed on Defendants' motion for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.  Page 7 of Exhibit A attached to the declaration of L. Salinas in support of Defendants' motion to dismiss in that case indicates that:

> It is the appellant's [Plaintiff's] position that on Dec. 13, 2008, he was escorted to emergency room of JDK Hospital as he refused to answer to questions during the mental health screening upon entry to CCCMS Ad Seg Unit and ignored the orders of officers.  He also claims he has the "right to remain silent citing CCR 3316-3320."  He was seen by Dr. Cohen in the E/R, but the appellant refused to answer any question.  Subsequently he was forcefully given Haldol 10 mg injection against his will on his arm at the order of Dr. Cohen.  He was admitted to MHCB and was discharged 2 days later with no AXIS 1 psychiatric diagnosis.

A.   **Involuntary Medication**

The decision to forcibly medicate an inmate implicates both substantive and procedural due process.  Washington v. Harper, 494 U.S. 210, 222 (1990).  Inmates have "a

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

3

significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." U.S. v. Loughner, 672 F.3d 731, 744 (9th Cir. 2012)(quoting Washington, 494 U.S. at 221-22). However, the liberty interest "must be 'defined in the context of an inmate's confinement.'" Loughner, 672 F.3d at 745 (quoting Washington, 494 U.S. at 222). Prison officials have an obligation to provide prisoners with medical treatment and have a duty to take reasonable measures to ensure an inmate's safety. Washington, 494 U.S. at 225.

The proper standard for determining the validity of a prison regulation claimed to infringe on an inmates constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests." Loughner, 672 F.3d at 745 (internal punctuation and citations omitted). There are three factors that are "particularly relevant in the contest of involuntary medication: (1) there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) a court must consider the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives is reasonableness of a prison regulation." Id. (internal punctuation and citations omitted).

The Due Process Clause permits treatment of an inmate's serious mental illness by administering antipsychotic drugs against the inmate's will, if the inmate is a danger to himself of others, and it is in the inmate's medical interest." Id. at 746). Due process is satisfied if the inmate is provided with "notice, the right to be present at an adversary hearing, and the right to be present and cross examine witnesses." Washington, 494 U.S. at 235.

Here, the allegations indicate that, although Plaintiff was medicated involuntarily, he lost consciousness as a result of a drug overdose, and was unresponsive to staff. Plaintiff's exhibit indicates that the usage of the medication was reviewed. Although Plaintiff does allege that he was taken to the Acute Care Hospital, court records indicate that he was discharged 2 days later with no serious diagnosis. The facts alleged indicate that Defendants' conduct was taken in Plaintiff's interest. Specifically, Plaintiff's own facts indicate that he was unconscious due to a drug overdose, and unresponsive to commands. Dr. Cohen's order to medicate Plaintiff was a reasonable measure to ensure Plaintiff's safety.

### III.  Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claim arises from the decision to medicate him involuntarily. The facts alleged indicate that Plaintiff was medicated as a measure to ensure his safety. There are no facts alleged to indicate that the review of the decision to medicate Plaintiff did not satisfy due process, given the emergency nature of Plaintiff's condition. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.  Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **March 13, 2013**     /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE