UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COHEN, et al.,<br><br>　　　　Defendants. | 1:11-cv-00535-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br>(Doc. 19.) |

**I.　　BACKGROUND**

　　Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 30, 2011.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed by Plaintiff on March 25, 2013, against defendants Dr. Cohen, Sgt. J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Jane Doe (LVN) on Plaintiff's due process claim and against defendants Dr. Cohen, Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim.[1]  (Doc. 8.)

---

[1] On October 31, 2013, the court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 11.)

1

On January 27, 2013, Plaintiff filed a request for entry of default against the defendants. (Doc. 19.)

## II.     ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  <u>See</u> Fed. R. Civ. P. 55(a).  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent."  Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ."  Fed. R. Civ. P. 55(c).  "The court's discretion is especially broad where ... it is entry of default that is being set aside."  <u>O'Connor v. State of Nevada</u>, 27 F.3d 357, 364 (9th Cir. 1994) (quoting <u>Mendoza v. Wight Vineyard Mgmt.</u>, 783 F.2d 941, 945 (9th Cir. 1986)); <u>see also</u> <u>Brady v. United States</u>, 211 F.3d 499, 504 (9th Cir. 2000).  Default is generally disfavored.  <u>In re Hammer</u>, 940 F.2d 524, 525 (9th Cir. 1991); <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d 1183, 1189 (9th Cir. 2009).

### A.     <u>Plaintiff's Request</u>

Plaintiff requests entry of default against the defendants because the defendants were served with process on or about November 28, 2013, more than 20 days have elapsed, and "Defendants have failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or any defense which it might have had."  (Request, Doc. 19 at 1.)

///

///

### B. <u>Discussion</u>

On November 18, 2013, the Court issued an order in this action directing the United States Marshal ("Marshal") to serve process in this action upon defendants Cohen, Lopez, Dean, and Campbell. (Doc. 13.)

#### *Defendants Campbell, Dean, and Lopez*

On January 9, 2014, the Court received three USM-285 forms from the Marshal indicating that personal service was effected upon defendants Campbell, Dean, and Lopez on November 27, 2013, which gave those three defendants twenty-one days in which to file an answer or motion under Rule 12 in response to Plaintiff's complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). (Doc. 17.) More than twenty-one days passed after service was executed, and defendants Campbell, Dean, and Lopez did not file an answer, a motion under Rule 12, or any other response to Plaintiff's complaint. (See Court Docket.) However, on January 27, 2014, defendants Campbell, Dean, and Lopez filed an Answer to the complaint. (Doc. 18.)

Because defendants Campbell, Dean, and Lopez appeared in this action, albeit after their deadlines, by filing an Answer on January 27, 2014, the court cannot find that they failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default against defendants Campbell, Dean, or Lopez.

#### *Defendant Cohen*

With respect to defendant Cohen, there is no evidence on the court record that defendant Cohen has been served with process by the Marshal. (Court Record.) Therefore, Plaintiff is not entitled to entry of default against defendant Cohen.

#### *Defendant Jane Doe*

With respect to defendant Jane Doe (LVN), the court has not directed the Marshal to serve this defendant, and there is no evidence that she has been otherwise served. As Plaintiff was advised in the court's order of October 31, 2013, "Plaintiff's Jane Doe defendant cannot be served with process until Plaintiff identifies her and provides sufficient information for the Marshal to locate her for service of process." (Doc. 11 at 8 n.3.) Therefore, Plaintiff is not entitled to entry of default against defendant Jane Doe (LVN).

### III.  CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against the defendants, filed on January 27, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **January 29, 2014**                              **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE