# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD,

         Plaintiff,

    vs.

COHEN, et al.,

         Defendants.

1:11-cv-00535-GSA-PC

ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT COHEN (Doc. 26.)

## I.    BACKGROUND

      Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 30, 2011.  (Doc. 1.)  This action now proceeds on the First Amended Complaint filed by Plaintiff on March 25, 2013, against defendants Dr. Cohen, Sgt. J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Jane Doe (LVN) on Plaintiff's due process claim and against defendants Dr. Cohen, Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim.[1]  (Doc. 8.)

      On March 5, 2014, Plaintiff filed a request for entry of default against defendant Cohen. (Doc. 26.)

---

[1]On October 31, 2013, the court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 11.)

1

## II.      ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent."  Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ."  Fed. R. Civ. P. 55(c).  "The court's discretion is especially broad where ... it is entry of default that is being set aside."  O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).

### A.      Plaintiff's Request

Plaintiff requests entry of default against defendant Cohen because "[t]he court files and record herein show that the Defendant Cohen was served by the United States Marshal . . . on February 6, 2014 . . ; m]ore than 20 days have elapsed since the date on which Defendant Cohen was served . . ; [and] Defendant Cohen has failed to answer or otherwise defend himself."  (Request, Doc. 26 at 1.)

### B.      Discussion

On November 18, 2013, the Court issued an order in this action directing the United States Marshal ("Marshal") to serve process in this action upon defendants Cohen, Lopez,

Dean, and Campbell.  (Doc. 13.)   The court finds no evidence on the record that defendant Cohen has been served with process by the Marshal, or that defendant Cohen has appeared in this action.  (Court Record.)   Therefore, Plaintiff is not entitled to entry of default against defendant Cohen.

**III.     CONCLUSION**

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against defendant Cohen, filed on March 5, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE