UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COHEN, et al.,<br><br>　　　　Defendants. | 1:11-cv-00535-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 25) |

On February 25, 2014, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Plaintiff argues that he "only has a 7.6 G.P.A.," but has not explained the meaning of this measurement or why it entitles him to appointment of counsel. (Motion at 1:23-24.) While Plaintiff's claim for due process may be challenging, a review of the record in this case shows that plaintiff is responsive, adequately communicates, and is able to articulate his claims. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. The case is presently in the discovery phase, and one of the four defendants has not been served. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                             **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE