UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>            Plaintiff,<br><br>     v.<br><br>COHEN, et al.,<br><br>            Defendant. | 1:11-cv-00535-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 36) |

On April 14, 2014, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, Plaintiff argues that he is unable to afford counsel and only completed the ninth grade in school. Plaintiff also argues that an attorney would be more capable than Plaintiff to locate defendant Cohen, because Plaintiff is confined in a cell twenty-three hours a day, unable to do any leg work on his own.

Plaintiff has not shown exceptional circumstances. The court denied Plaintiff's prior motion for counsel less than a month ago, and Plaintiff's circumstances have not changed. Plaintiff provides documentary evidence that he received a TABE Score of 7.4 in June 2008, without any explanation of the meaning of the score. (Doc. 36 at 2.) The case is presently in the discovery phase, and one of the four defendants has not been served. Plaintiff argues that he needs an attorney to find the defendant who has not been served; however, at this juncture, the Marshal has not reported that the defendant cannot be found. Plaintiff's claim for due process may be challenging; however, a review of the record in this case shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims. At this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 17, 2014**                             **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE