UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>             Plaintiff,<br><br>      vs.<br><br>COHEN, et al.,<br><br>             Defendants. | 1:11-cv-00535-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(Doc. 40.) |

**I.     BACKGROUND**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 30, 2011. (Doc. 1.) This action now proceeds on the Second Amended Complaint against defendants Dr. Cohen, Sgt. J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Vera Brown (LVN) on Plaintiff's due process claim and against defendants Dr. Cohen, Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim. (Doc. 41.)  Defendants Lopez, Dean, and Campbell have filed an Answer to the Second Amended Complaint. (Doc. 43.)  To date, defendants Cohen and Brown have not been served with process or appeared in this action. (Court Record.)

On January 29, 2014, the Court issued a Scheduling Order establishing a deadline of September 29, 2014, for the parties to complete discovery, including the filing of motions to compel. (Doc. 22.) On May 9, 2014, Plaintiff filed a motion to compel production of documents from defendants Lopez, Dean, and Campbell ("Defendants"). (Doc. 40.) On May 23, 2014, Defendants filed an opposition to the motion to compel. (Doc. 42.) Plaintiff has not filed a reply to the opposition, and his deadline under Local Rule 230 has expired. L. R. 230(*l*). (Court Record.)

Plaintiff's motion to compel, filed on May 9, 2014, is now before the court.

**II.    MOTION TO COMPEL**

   **A.    Federal Rules of Civil Procedure 26(b), 34, and 37(a)**

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[1] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have

---

[1] "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

1   control of the documents." <u>Clark</u>, 181 F.R.D. at 472; <u>Allen v. Woodford</u>, No. CV–F–05–1104
2   OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing <u>In re Bankers Trust Co.</u>, 61
3   F.3d 465, 469 (6th Cir.1995)); <u>accord</u> <u>Evans v. Tilton</u>, No. 1:07CV01814 DLB PC, 2010 WL
4   1136216, at *1 (E.D.Cal. Mar. 19, 2010).

5       Under Rule 34(b), the party to whom the request is directed must respond in writing
6   that inspection and related activities will be permitted as requested, or state an objection to the
7   request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce
8   documents as they are kept in the usual course of business or must organize and label them to
9   correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

10  Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling
11  disclosure when an opposing party has failed to respond or has provided evasive or incomplete
12  responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or
13  response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).
14  "It is well established that a failure to object to discovery requests within the time required
15  constitutes a waiver of any objection." <u>Richmark Corp. v. Timber Falling Consultants</u>, 959
16  F.2d 1468, 1473 (9th Cir. 1992) (citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981)).
17  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the
18  denial of discovery.  <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (citations
19  omitted.).

20  **<u>Discussion</u>**

21  Plaintiff requests a court order compelling Defendants to make further responses to
22  Plaintiff's Request for Production of Documents ("RFP") Nos. 5, 7, 9, 11, and 13.  Plaintiff has
23  re-stated the relevant five RFP's for the court's review.  However, Plaintiff has not provided
24  any evidence of Defendants' responses to the five RFP's, made any argument whatsoever in
25  support of his motion, nor filed a reply to Defendants' opposition.

26  Based on the lack of any argument by Plaintiff, the court finds that Plaintiff has not met
27  his burden of demonstrating actual and substantial prejudice from the denial of discovery.  A
28  motion to compel must be accompanied by a copy of Plaintiff's discovery requests at issue and

a copy of Defendants' responses to the discovery requests. Further, as the moving party, Plaintiff bears the burden of informing the court, for *each* disputed response, why Defendants' responses are not justified. Plaintiff may not simply assert that he is dissatisfied with some of Defendants' responses, without argument or evidence. The court shall not attempt to guess why Plaintiff objects to Defendants' responses. For these reasons, Plaintiff's motion to compel shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on May 9, 2014, is DENIED.

IT IS SO ORDERED.

Dated: **August 12, 2014**              **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE