1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    LAMONT SHEPARD,                          1:11-cv-00535-GSA-PC

12              Plaintiff,                      ORDER GRANTING PLAINTIFF'S
                                                MOTION TO COMPEL
13         vs.                                  (Doc. 45.)

14    COHEN, et al.,                            ORDER DENYING PLAINTIFF'S
                                                MOTION FOR SANCTIONS, WITHOUT
15              Defendants.                     PREJUDICE TO RENEWAL OF THE
                                                MOTION WITHIN THIRTY DAYS
16
                                                ORDER FOR DEFENDANTS TO RE-
17                                              SERVE THEIR SUPPLEMENTAL
                                                RESPONSES UPON PLAINTIFF
18                                              WITHIN TEN DAYS

19

20    I.    BACKGROUND

21          Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

22    with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint

23    commencing this action on March 30, 2011.  (Doc. 1.)  This action now proceeds on the

24    Second Amended Complaint filed on May 19, 2014, against defendants Dr. Cohen, Sgt. J.

25    Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Vera Brown (LVN) on

26    Plaintiff's due process claim and against defendants Dr. Cohen, Sgt. J. Lopez, C/O Z. Dean, and

27    C/O J. Campbell on Plaintiff's excessive force claim.  (Doc. 41.)  On June 10, 2014, defendants

28    Lopez, Dean, and Campbell filed an Answer to the Second Amended Complaint.  (Doc. 43.)

                                               1

To date, defendants Cohen and Brown have not been served with process nor appeared in this action.  (Court Record.)

On January 29, 2014, the Court issued a Scheduling Order establishing a deadline of September 29, 2014, for the parties to complete discovery, including the filing of motions to compel.  (Doc. 22.)  The Scheduling Order required the parties to serve responses to written discovery requests within forty-five days after the request is first served.  (Id. ¶2.)

On July 7, 2014, Plaintiff filed a motion to compel production of documents from defendants Lopez, Dean, and Campbell ("Defendants").  (Doc. 45.)  On July 25, 2014, Defendants filed an opposition to the motion.  (Doc. 46.)  On August 7, 2014, Plaintiff filed a reply to the opposition.  (Doc. 49.)

Plaintiff's motion to compel, filed on July 7, 2014, is now before the court.

II.      MOTION TO COMPEL

A.      Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[1]  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).  "[A] party need not have actual

---

[1]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991).  "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**Parties' Arguments**

Plaintiff requests a court order compelling Defendants to produce documents in response to his Request for Production of Documents ("RFP"), Set Two, which Plaintiff asserts he served upon Defendants on or about May 4, 2014.  Plaintiff has re-stated the relevant three RFP's for the court's review.  Plaintiff alleges that on June 4, 2014, Defendants informed him that they would provide responses by June 20, 2014; however, by June 28, 2014, Plaintiff had

1  not received any responses.  Plaintiff requests sanctions of $1,000.00 as reasonable expenses

2  for bringing this motion to compel.

3        Defendants assert that Plaintiff served his RFP, Set Two, on April 24, 2014, and that on

4  June 6, 2014, Defendants served a Response.  (Declaration of John P. Walters, Doc. 46-1 ¶3.)

5  In the Response, Defendants explained that a search was being conducted, and that they would

6  provide Plaintiff with an update by June 20, 2014.  (Id., Exh. A.)  Defendants served

7  Supplemental Responses on July 8, 2014, stating that no documents responsive to RFP Nos. 1

8  and 2 were found after a diligent search, and objecting to RFP No. 3 for relevance, without

9  producing any documents.  (Id. ¶5, Exh. B.)  Plaintiff replies that as of July 31, 2014, he had

10 not received Defendants' Supplemental Responses.

11 **Discussion**

12        Defendants acknowledge that they failed to provide Plaintiff with an update of their

13 search for documents, as promised, by June 20, 2014, and did not serve their Supplemental

14 Responses until July 8, 2014.  However, Defendants have submitted their July 8, 2014

15 Supplemental Responses to the court in support of their opposition, which was served upon

16 Plaintiff on July 25, 2014.  (Id.)  Thus, Plaintiff should now have received the Supplemental

17 Responses.  However, in the event that Plaintiff somehow did not receive the Supplemental

18 Responses when he was served with Defendants' opposition, Defendants shall be directed to re-

19 serve their Supplemental Responses, dated July 8, 2014, upon Plaintiff within ten days.

20 Therefore, Plaintiff's motion to compel shall be granted.

21 **III.    DISCOVERY SANCTIONS – RULE 37**

22        Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to

23 compel is granted, "the court must, after giving an opportunity to be heard, require the party or

24 deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

25 both to pay the movant's reasonable expenses incurred in making the motion, including

26 attorney's fees. But the court must not order this payment if (i) the movant filed the motion

27 before attempting in good faith to obtain the disclosure or discovery without court action; (ii)

28 ///

the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff requests the imposition of sanctions of $1,000.00 upon Defendants for their failure to timely serve responses to Plaintiff's RFP, Set Two.  Plaintiff asserts that $1,000.00 is reasonable compensation for his expenses in obtaining this order, arguing that Defendants had no substantial justification for their refusal to answer and/or produce the documents requested.

Defendants have acknowledged that they served their Supplemental Responses in an untimely manner.  However, Plaintiff submits no evidence that he is reasonably entitled to $1,000.00 for his expenses for bringing the motion to compel.  Therefore, Plaintiff's motion for sanctions shall be denied, without prejudice to renewal of the motion within thirty days, showing evidence of his costs in bringing the motion to compel filed on July 7, 2014.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, filed on July 7, 2014, is GRANTED;

2.      Plaintiff's motion for sanctions is DENIED, without prejudice to renewal of the motion within thirty days of the date of service of this order, showing evidence of his costs in bringing the motion to compel filed on July 7, 2014; and

3.      Defendants are directed to re-serve their Supplemental Responses to Plaintiff's Request for Production of Documents, Set Two, dated July 8, 2014, upon Plaintiff within ten days of the date of service of this order, and file a proof of service with the court.

IT IS SO ORDERED.

Dated:   **August 12, 2014**                          **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE