UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD,

        Plaintiff,

    vs.

COHEN, et al.,

        Defendants.

1:11-cv-00535-GSA-PC

ORDER DENYING MOTION FOR RECONSIDERATION
(Doc. 55.)

## I.    BACKGROUND

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 30, 2011.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint against defendants Dr. Cohen, Sgt. J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Vera Brown (LVN) on Plaintiff's due process claim and against defendants Dr. Cohen, Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim. (Doc. 41.)

On May 9, 2014, Plaintiff filed a motion to compel.  (Doc. 40.)  On August 12, 2014, the court issued an order denying the motion.  (Doc. 50.)  On August 22, 2014, Plaintiff filed objections to the order, which the court treats as a motion for reconsideration.  (Doc. 55.)

## II.    MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

1

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Discussion**

Plaintiff takes issue with the statement in the court's order that he failed to file a timely reply to Defendants' opposition to the motion to compel.  (Order, Doc. 50 at 2:5-7.)  Plaintiff asserts that on July 31, 2014, he prepared a reply titled "Plaintiff's Opposition to Defendant's Motion Opposition to Plaintiff's Motion to Compel" and delivered it to prison officials for mailing.  Plaintiff requests the court's consideration of this reply.

The motion to compel at issue was filed by Plaintiff on May 9, 2014.[1]  (Doc. 40.) Defendants filed their opposition on May 23, 2014.  (Doc. 42.)  Under Local Rule 230(*l*), Plaintiff had seven (7) days from May 23, 2014, the date of filing of the Defendants' opposition, in which to file a reply to the opposition.[2]  Plaintiff did not file any reply until August 7, 2014, when he filed a document dated July 31, 2014, titled "Plaintiff's Opposition to Defendant's Motion Opposition to Plaintiff's Motion to Compel."  (Doc. 49.)  Even under the mailbox rule, this reply was filed untimely under Rule 230(*l*).[3]

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on June 18, 2014, is DENIED.

IT IS SO ORDERED.

Dated:    __August 25, 2014__                    _____/s/ Gary S. Austin_____
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff filed a second motion to compel on July 7, 2014, which is not at issue here.  (Doc. 45.)  It appears to the court that Plaintiff filed his August 7, 2014 reply in response to the opposition to **this** motion to compel.

[2] Local Rule 230 (*l*) provides: **Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. ***The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition***. All such motions will be deemed submitted when the time to reply has expired.  L.R. 230(*l*) (emphasis added).

[3]  Based on the mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk.  <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009).