UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COHEN, et al.,<br><br>　　　　Defendants. | 1:11-cv-00535-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 57.) |

**I.　BACKGROUND**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 30, 2011.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed on May 19, 2014, against defendants Dr. Cohen, Sgt. J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Vera Brown (LVN) on Plaintiff's due process claim and against defendants Dr. Cohen, Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim.  (Doc. 41.)

On July 7, 2014, Plaintiff filed a motion to compel and for sanctions.  (Doc. 45.)  On August 13, 2014, the court issued an order granting the motion to compel and denying the motion for sanctions, without prejudice to renewal of the motion for sanctions within thirty days, showing evidence of his costs in bringing the motion to compel.  (Doc. 51.)  On August

28, 2014, Plaintiff filed objections to the order denying the motion for sanctions, which the court treats as a motion for reconsideration. (Doc. 57.)

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

**Discussion**

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Plaintiff merely states that he believes sanctions should be imposed for Defendants' failure to answer his discovery requests. As Plaintiff was advised in the court's order of August 13, 2014, before the court will reconsider the motion for sanctions, Plaintiff must show evidence of his costs in bringing the motion to compel.[1] Plaintiff has not provided the required evidence.

Plaintiff also requests certain documents from Defendants. To the extent that Plaintiff seeks a court order compelling Defendants to respond to his discovery requests, Plaintiff must file a motion to compel. A motion to compel must be accompanied by a copy of Plaintiff's discovery requests at issue and a copy of Defendants' responses to the discovery requests. Further, as the moving party, Plaintiff bears the burden of informing the court, for *each* disputed response, why Defendants' responses are not justified. Plaintiff may not simply assert that he is dissatisfied with some of Defendants' responses, without argument or evidence.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on August 28, 2014, is DENIED.

IT IS SO ORDERED.

  Dated:   **September 3, 2014**            **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] In his July 7, 2014 motion for sanctions, Plaintiff requested $1,000.00 in sanctions "as reasonable expenses" in bringing the motion to compel. (Doc. 45 at 2:5-7.)