UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>    Plaintiff,<br><br>    vs.<br><br>COHEN, et al.,<br><br>    Defendants. | 1:11-cv-00535-GSA-PC<br><br>ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION IN LIGHT OF SUMMARY JUDGMENT NOTICE<br><br>THIRTY-DAY DEADLINE |

## I. BACKGROUND

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 30, 2011. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on May 19, 2014, against defendants Dr. Cohen, Sergeant J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Vera Brown (LVN) on Plaintiff's due process claim and against defendants Dr. Cohen, Sergeant J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim.[1] (Doc. 41.)

On October 14, 2014, Plaintiff filed a motion for summary judgment. (Doc. 60.) On December 8, 2014, defendants Lopez, Dean, Campbell, and Brown ("Defendants") filed an

---

[1] Service of process upon defendant Dr. Cohen by the United States Marshal is pending.

opposition to Plaintiff's motion for summary judgment, and a cross-motion for summary judgment. (Doc. 67.) On December 29, 2014, Plaintiff filed a reply to Defendants' opposition, and an opposition to Defendants' cross-motion. (Doc. 68.)

Plaintiff has not been provided with a Rand[2] Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing him of his rights and responsibilities in opposing Defendants' cross-motion for summary judgment. Therefore, the Court shall, by this order, provide Plaintiff with a Rand Notice and Warning and allow him an opportunity to withdraw his opposition to Defendants' pending cross-motion and file an amended opposition.

## II. *RAND* NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS

Pursuant to Woods, 684 F.3d 934, the Court now hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' cross-motion for summary judgment:

### *RAND* NOTICE AND WARNING:

**The Defendants have made a cross-motion for summary judgment by which they seek to have your case against them dismissed. Under Rule 56 of the Federal Rules of Civil Procedure, this cross-motion for summary judgment will, if granted, end your case against defendants Lopez, Dean, Campbell, and Brown.**

**Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that party. When a party you are suing makes a**

---

[2] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc).

**motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[2] that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case against defendants Lopez, Dean, Campbell, and Brown will be dismissed and there will be no trial for your case against them.**

**<u>EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS:</u>**

**In accordance with Local Rule 260(a), Defendants have filed a Summary of Undisputed Facts that contains discrete, specific material facts to support their entitlement to summary judgment. In response to this Summary, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." You may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." <u>Id.</u> You are responsible for filing all evidentiary documents cited in the opposing papers. <u>Id.</u> If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a**

---

[2] The substance of Rule 56(e) from the 1998 version, when <u>Rand</u> was decided, has been reorganized and renumbered with the current version of Rule 56(c).

**specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."** <u>See</u> <u>also</u> Fed. R. Civ. P. 56(d).

## III.    CONCLUSION AND ORDER

In light of the Ninth Circuit's decision in <u>Woods</u>, Plaintiff has been provided with "fair notice" of the requirements for opposing a motion for summary judgment. The Court finds good cause at this juncture to open a thirty-day time period for Plaintiff to file further opposition to Defendants' pending cross-motion for summary judgment, if he so wishes. The Court will not consider multiple oppositions, however, and Plaintiff has two options upon receipt of this order. Plaintiff may either (1) stand on his previously-filed opposition or (2) withdraw it and file an Amended Opposition.[4] The Amended Opposition, if any, must be complete in itself and must not refer back to any of the opposition documents Plaintiff filed on December 14, 2014. L.R. 220.[5]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition and file an Amended Opposition to Defendants' cross-motion for summary judgment of December 8, 2014;

2. If Plaintiff does not file an Amended Opposition in response to this order, his existing opposition, filed on December 14, 2014, will be considered in resolving Defendants' cross-motion for summary judgment; and

///
///
///

---

[4] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant. Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a motion to dismiss for failure to exhaust. <u>Woods</u>, 684 F.3d at 940.

[5] Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

3. If Plaintiff elects to file an Amended Opposition, Defendants may file a reply pursuant to Local Rule 230(*l*).

IT IS SO ORDERED.

Dated:   **February 24, 2015**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE