UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>    Plaintiff,<br><br>  v.<br><br>COHEN, et al.,<br><br>    Defendants. | 1:11-cv-00535-LJO-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document #74) |

On March 25, 2015, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, Plaintiff argues that his imprisonment, his detention in administrative segregation, and his lack of assistance by other inmates will make it difficult to litigate this case. This does not make Plaintiff's case exceptional.  This court is faced with similar cases daily. Plaintiff's case proceeds on his allegations that defendants involuntarily medicated him, using excessive force, without any penological justification.  While the court has found that Plaintiff states cognizable claims for due process violations and excessive force, this finding is not a determination that Plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that Plaintiff is likely to succeed on the merits.  While Plaintiff's claims may be challenging, a review of the record in this case shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims.  The case is presently in the discovery phase and one of the five defendants has not been served.  Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 27, 2015**            **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE