UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>            Plaintiff,<br><br>      vs.<br><br>COHEN, et al.,<br><br>            Defendants. | 1:11-cv-00535-LJO-GSA-PC<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT COHEN SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE<br>(Doc. 78.)<br><br>THIRTY DAY DEADLINE |

**I.   RELEVANT PROCEDURAL HISTORY**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 30, 2011.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed on May 19, 2014, against defendants Dr. Cohen, Sergeant J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Vera Brown (LVN) on Plaintiff's due process claim, and against defendants Dr. Cohen, Sergeant J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim.  (Doc. 41.)

On August 22, 2014, the court issued an order directing the United States Marshal ("Marshal") to serve process upon defendants Brown and Cohen.  (Doc. 54.)  On May 26,

2015, the Marshal filed a return of service unexecuted as to defendant Cohen, indicating that the Marshal was unable to locate defendant Cohen for service of process. (Doc. 78.)

## II.     SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### *Background*

The return of service filed by the Marshal on May 26, 2015, indicates that on September 26, 2014, the Marshal mailed service documents to defendant Cohen at Corcoran State Prison ("CSP"), at the address provided by Plaintiff. (Doc. 78.) There is no indication on the return of service that the Marshal received any response to the mail service. (Id.) The Marshal certified that he or she was unable to locate defendant Cohen, and made a notation, "5/26/15 Return Unexecuted, Unable to Locate." (Id.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant Cohen should not be dismissed from this action for failure to serve process. Plaintiff has not provided sufficient information to identify and locate defendant Cohen for service of process. If Plaintiff is unable to provide the Marshal with additional information, defendant Cohen shall be dismissed from this action.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant Cohen should not be dismissed from this action pursuant to Rule 4(m); and

2. Plaintiff's failure to respond to this order may result in the dismissal of defendant Cohen or dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   **May 28, 2015**                              **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE