UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>            Plaintiff,<br><br>    vs.<br><br>COHEN, et al.,<br><br>            Defendants. | 1:11-cv-00535-LJO-GSA-PC<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO INITIATE RE-SERVICE ON DEFENDANT COHEN USING ASSISTANCE OF LEGAL AFFAIRS DIVISION OF CDCR, AS INSTRUCTED BY THIS ORDER |

**I.      RELEVANT PROCEDURAL HISTORY**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 30, 2011. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on May 19, 2014, against defendants Dr. Cohen, Sergeant J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and Vera Brown (LVN) on Plaintiff's due process claim, and against defendants Dr. Cohen, Sergeant J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim. (Doc. 41.)

On August 22, 2014, the court issued an order directing the United States Marshal ("Marshal") to serve process upon defendants Brown and Cohen. (Doc. 54.) The address provided by Plaintiff for defendant Cohen was "C.S.P. Corcoran, P.O. Box 8800, Corcoran, California 93212." (Doc. 78.) In the Court's order, the Marshal was directed to:

> Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order. The Marshals Service shall maintain the confidentiality of all information provided by CDCR pursuant to this order. In executing this order, the Marshals Service shall contact the Legal Affairs Division of CDCR and request the assistance of a Special Investigator if the Litigation Officer at the institution is unable to assist in identifying and/or locating defendants.

(Doc. 54 at 2 ¶4.) On May 26, 2015, the Marshal filed a return of service unexecuted as to defendant Cohen, indicating that the Marshal was unable to locate defendant Cohen for service of process. (Doc. 78.)

On May 29, 2015, the Court issued an order to show cause, requiring Plaintiff to show cause, within thirty days, why defendant Cohen should not be dismissed from this action for Plaintiff's failure to provide sufficient information for the Marshal to serve process. (Doc. 80.) On June 12, 2015, Plaintiff filed a response to the Court's order. (Doc. 82.)

Plaintiff asserts that he does not know any address for defendant Dr. Cohen except for Dr. Cohen's work address, which he provided to the Marshal. However, Plaintiff contends that the CDCR has defendant Cohen's last known address, due to Cohen's employment by the CDCR. Plaintiff requests assistance by the Court to obtain such information from the CDCR.

**II.    DISCUSSION**

The return of service filed by the Marshal on May 26, 2015, indicates that on September 26, 2014, the Marshal mailed service documents to defendant Cohen at Corcoran State Prison ("CSP"), at the address provided by Plaintiff. (Doc. 78.) There is no indication on the return of service that the Marshal received any response to the mail service. (Id.) The Marshal certified that he or she was unable to locate defendant Cohen, and made a notation, "5/26/15 Return Unexecuted, Unable to Locate." (Id.) There is no indication that the Marshal contacted the

Legal Affairs Division of CDCR and requested the assistance of a Special Investigator in locating defendant Cohen.

Based on the information set forth in the USM-285 form, the Court cannot make a finding that Plaintiff has not provided sufficient information to locate this defendant. Therefore, the Marshal shall be directed to initiate re-service by contacting the Legal Affairs Division of the CDCR for assistance in locating and effecting service on defendant Dr. Cohen.

### III.   CONCLUSION

Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshals Service:

    (1) One completed and issued summons for defendant Cohen;

    (2) One completed USM-285 form for defendant Cohen;

    (3) One copy of the Second Amended Complaint filed on May 19, 2014, plus an extra copy for the Marshal (Doc. 41.); and

    (4) One copy of this order, plus an extra copy for the Marshal.

2. Within ten days from the date of this order, **the Marshals Service shall contact the Legal Affairs Division of CDCR and request the assistance of a Special Investigator to assist in identifying and/or locating the defendant. The Marshals Service shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order.** The Marshals Service shall maintain the confidentiality of all information provided by the CDCR pursuant to this order. The Marshals Service shall notify the following defendant of the commencement of this action

///

///

///

and request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

> **DR. COHEN, M.D. (employee of CDCR at Corcoran State Prison in Corcoran, California, on December 13, 2008)**

3. The Marshals Service shall file a returned waiver of service as well as any request for waiver of service that is returned as undelivered as soon as it is received.

4. If a waiver of service is not returned by the defendant within sixty days of the date of mailing the request for waiver, the Marshals Service shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, the Marshals Service shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

5. **If defendant waives service, he is required to return the signed waivers to the Marshals Service. The filing of an answer or a responsive motion does not relieve defendants of this requirement, and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).**

///

6. In the event that defendants either waive service or are personally served, defendants are required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **July 9, 2015**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE