UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>          Plaintiff,<br><br>     vs.<br><br>COHEN, et al.,<br><br>          Defendants. | 1:11-cv-00535-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART<br>(ECF Nos. 60, 67.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |

**I.     BACKGROUND**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 30, 2011. (ECF No. 1.) This action now proceeds on the Second Amended Complaint filed on May 19, 2014, against defendants Dr. Cohen, Sergeant J. Lopez, Correctional Officer (C/O) Z. Dean, C/O J. Campbell, and V. Vera-Brown (Nurse)[1] on

---

[1] Plaintiff identifies Vera-Brown as an LVN, but Vera-Brown identifies herself as an RN.

Plaintiff's due process claim, and against defendants Dr. Cohen, Sergeant J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim.[2]  (ECF No. 41.)

On October 14, 2014, Plaintiff filed a motion for summary judgment. (ECF No. 60.) On December 8, 2014, Defendants Campbell, Dean, Lopez, and Vera-Brown ("Defendants") filed an opposition to the motion, and a cross-motion for summary judgment.[3]  (ECF No. 67.) On June 10, 2015, Plaintiff filed an opposition to the cross-motion. (ECF No. 81.)

Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment are now before the court.  Local Rule 230(*l*).   For the reasons that follow, the court recommends that Plaintiff's motion be denied, and Defendants' cross-motion be granted in part and denied in part.

## II. PLAINTIFF'S CLAIMS AT ISSUE[4]

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation (CDCR), currently housed at Kern Valley State Prison in Delano, California. The events giving rise to the claims at issue in this action allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there.  Plaintiff alleges as follows.

On December 13, 2008, Plaintiff was escorted over to the Acute Care Hospital at CSP because Plaintiff did not want to talk to custody staff or medical staff because he was being charged with threatening a peace officer and referred for possible prosecution.

Dr. Cohen ordered defendants Sgt. Lopez, C/O Dean, and C/O Campbell to hold Plaintiff down, then ordered Nurse Vera-Brown to give Plaintiff 10 mg. of the medication

---

[2] Service of process is pending for defendant Dr. Cohen.

[3] On February 25, 2015, the court served Plaintiff with the requisite notice of the requirements for opposing the cross-motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

[4] Plaintiff's Second Amended Complaint is verified and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence.  Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).  The summarization of Plaintiff's claims in this section should not be viewed by the parties as a ruling that the allegations are admissible.  The court will address, to the extent necessary, the admissibility of Plaintiff's evidence in the sections which follow.

Haldol. Plaintiff could have "locked up and/or died" due to Defendant's over-usage of medicine. (Second Amd. Cmp. ("2ACP"), ECF No. 41 at 3 ¶IV.) Defendant Sgt. Lopez grabbed Plaintiff's right arm, forcing him face down on the gurney, placing his weight on Plaintiff to hold him still. C/O Campbell grabbed Plaintiff's left arm and twisted it as he too forced Plaintiff down on the gurney, placing his weigh on Plaintiff to keep him there. Defendant Z. Dean grabbed Plaintiff's head and held it down, placing his weight on it. With Plaintiff held in this position, Dr. Cohen ordered Nurse Vera-Brown to administer the medication into Plaintiff's right arm.

After the injection, Plaintiff was released from Defendants' grip and placed in a holding cell where his heart started beating irregularly. Plaintiff informed defendant C/O Lopez that his heart was beating irregularly, and C/O Lopez informed Dr. Cohen of the problem. Plaintiff was then taken out of the holding cage and placed on a gurney, where an EKG examination was performed. The EKG exam showed some abnormality, but Plaintiff was returned to the holding cell without being treated for the heart problem. Dr. Cohen told Plaintiff that he lost consciousness because he overdosed on drugs or medication. This statement was untrue; Dr. Cohen made the statement to justify his wrongdoing.

Plaintiff was admitted to the Acute Care Hospital as a crisis patient for the next two days. Plaintiff alleges there was no penological justification for Defendants' actions.

The court found that Plaintiff stated cognizable claims against defendants Cohen, Lopez, Dean, Campbell, and Vera-Brown for violation of Plaintiff's rights to due process, and against defendants Cohen, Lopez, Dean, and Campbell for use of excessive force in violation of the Eighth Amendment. (ECF No. 11.)

### III. SUMMARY JUDGMENT STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to

particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence. Johnson v. Poway Unified School Dist., 658 F.3d 954, 960 (9th Cir. 2011), cert. denied, 132 S.Ct. 1807. Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).

## IV. EXCESSIVE FORCE

### A. Legal Standard

What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation

marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

### B. Defendants Lopez, Dean, and Campbell

Defendants Lopez, Dean, and Campbell argue that they did not use excessive force against Plaintiff, because they did not use any force against Plaintiff.  Defendants' evidence consists of their declarations.

> "It is my understanding that Plaintiff alleges that I forcefully held him down while Dr. Cohen gave him an injection.  I have never forcefully held down any inmate to receive an injection.  Thus, this allegation is false.  I did not use force against Plaintiff on December 13, 2008.  Further, the procedure for involuntarily medicating inmates who are uncooperative is to place them in a five-point restraint system, and I have never done that for Plaintiff."

(Decl. of Z. Dean, ECF No. 67-2 ¶9.)

> "It is my understanding that Plaintiff alleges that I forcefully held him down while Dr. Cohen gave him an injection. I have never forcefully held down any inmate to receive an injection. Thus, this allegation is false. I did not twist Plaintiff's arm and force him face down on the gurney. I did not use force against Plaintiff on December 13, 2008. Further, the procedure for involuntarily medicating inmates who are uncooperative is to place them in a five-point restraint system, and I have never done that for Plaintiff."

(Decl. of J. Campbell, ECF No. 67-3 ¶9.)

> "It is my understanding that Plaintiff alleges that I forcefully held him down while Dr. Cohen gave him an injection. I have never forcefully held down any inmate to receive an injection. Thus, this allegation is false. I did not use force against Plaintiff on December 13, 2008. Further, the procedure for involuntarily medicating inmates who are uncooperative is to place them in a five-point restraint system, and I have never done that for Plaintiff."

(Decl. of J. Lopez, ECF No. 67-5 ¶9.)

**Plaintiff's Position**

Plaintiff's evidence in support of his motion consists of the allegations in his verified Second Amended Complaint, (2ACP, ECF No. 41 at 3 ¶IV), and exhibits including two Incident Reports on CDCR form 837-C by prison officials reporting their accounts of the events on December 13, 2008 before Plaintiff was escorted to the Acute Care Hospital, (Pltf's Motion, ECF No. 60 at 16 (Exh. A.) and 17-18 (Exh. B.)), and a copy of Plaintiff's form 602-HC inmate appeal submitted on December 14, 2008 complaining that Dr. Cohen violated Plaintiff's rights to be free of excessive force and forced medication[5] (ECF No. 60 at 22-27 (Exh. C.))

Plaintiff argues that defendant Cohen ordered defendants Lopez, Dean, and Campbell to use excessive force against him. Plaintiff declares in the Second Amended Complaint ("2ACP"):

> "Dr. Cohen ordered defendants Sgt. Lopez, C/O Dean, and C/O Campbell to hold Plaintiff down, then ordered LVN Vera-Brown to give Plaintiff 10 mg. of the medication Haldol. . . . Defendant Sgt. Lopez grabbed Plaintiff's right arm, forcing him face down on the gurney, placing his weight on Plaintiff to hold him still. C/O Campbell grabbed Plaintiff's left arm and twisted it as he too forced Plaintiff down on the

---

[5] Plaintiff states that the appeal "listed all staff members and their involvement." (Motion, ECF No. 60 at 10.) However, Dr. Cohen is the only defendant named in the appeal, and the appeal does not address Plaintiff's allegations against any of the other defendants. (ECF. No. 60 at 22-27 Exh. C.))

gurney, placing his weigh on Plaintiff to keep him there. Defendant Z. Dean grabbed Plaintiff's head and held it down, placing his weight on it. With Plaintiff held in this position, Dr. Cohen ordered LVN Vera-Brown to administer the medication into Plaintiff's right arm. After the injection, Plaintiff was released from Defendants' grip and placed in a holding cell, . ."

(2ACP, ECF No. 41 at 3 ¶IV.)

The Incident Reports submitted by Plaintiff do not refer to any incident of excessive force. (ECF No. 60 at 16 (Exh. A.) and 17-18 (Exh. B.))

**Discussion**

Defendants Lopez, Dean, and Campbell declare that they did not hold Plaintiff down to receive an injection, while Plaintiff declares that they held him down, placing their weight on him to keep him still while the injection was administered. There is no other evidence before the court supporting any of the parties' declarations. This factual dispute over whether defendants Lopez, Dean, and Campbell used any force against Plaintiff is material to Plaintiff's Eighth Amendment claim and therefore, neither Plaintiff nor defendants Lopez, Dean, and Campbell are entitled to judgment as a matter of law on the issue of excessive force.

### C. Defendant Vera-Brown

Plaintiff is not proceeding against defendant Vera-Brown on the excessive force claim in this case. Therefore, there is no issue before the court whether defendant Vera-Brown used excessive force against Plaintiff.

## V. INVOLUNTARY MEDICATION – DUE PROCESS CLAIM

### A. Legal Standard

The decision to forcibly medicate an inmate implicates both substantive and procedural due process. Washington v. Harper, 494 U.S. 210, 222 (1990). Inmates have "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." U.S. v. Loughner, 672 F.3d 731, 744 (9th Cir. 2012) (quoting Harper, 494 U.S. at 221-22). However, the liberty interest "must be 'defined in the context of an inmate's confinement.'" Id. at 745 (quoting Harper, 494 U.S. at 222). Prison officials have an obligation to provide prisoners with medical treatment and have a duty to take reasonable measures to ensure an inmate's safety. Harper, 494 U.S. at 225. The proper

standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests." Loughner, 672 F.3d at 745 (internal punctuation and citations omitted).

There are three factors that are "particularly relevant in the contest of involuntary medication: (1) there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) a court must consider the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id. (internal punctuation and citations omitted). The Due Process Clause permits treatment of an inmate's serious mental illness by administering antipsychotic drugs against the inmate's will, "if the inmate is dangerous to himself or others, and the treatment is in the inmate's medical interest." Id. at 746. Due process is satisfied if the inmate is provided with "notice, the right to be present at an adversary hearing, and the right to be present and cross examine witnesses." Harper, 494 U.S. at 235; accord Kulas v. Valdez, 159 F.3d 453, 456 (9th Cir. 1998).

### B. Defendants Lopez, Dean, and Campbell

Defendants Campbell, Lopez, and Dean argue that they are not liable for forcefully medicating Plaintiff because they were not involved in the evaluation and decision to medicate Plaintiff. Defendants Campbell, Lopez, and Dean each make the same, identical declaration, as follows:

> "Plaintiff was escorted to the Acute Care Hospital on December 13, 2008. There, Plaintiff was evaluated and treated by Dr. Cohen. . . It is my understanding that Plaintiff claims he was medicated unnecessarily and against his will. I did not medicate Plaintiff. I did not order Plaintiff to be medicated. I had no authority or control over the decision to medicate Plaintiff. I am not a doctor or medical professional. I do not make medical decisions or orders regarding the medical care of inmates. I am not involved in authorizing or approving medical care or the administration of medication by doctors or medical staff. I am typically not aware of the specific medical orders or procedures for each inmate. Instead, my duty is only to ensure the safety and security of medical staff and the facility when inmates are being treated. In this case, I had no reason to believe that any of the medical procedures or the administration of medication to Plaintiff on December 13, 2008 was wrong, harmful, or illegal. I did not view Plaintiff's medical file at the

> time of treatment. Neither Dr. Cohen nor any of the medical staff consulted me or sought my opinion as to the nature and type of treatment that Plaintiff would receive. I knew Dr. Cohen to be a medical doctor employed at CDCR to provide medical care and medication to inmates. I was not aware, nor was it my duty to be aware, of whether specific medical procedures were followed for the administration of medication to Plaintiff. My duty was to protect the safety and security of the prison, staff, and inmates by supervising inmates and correctional officers."

(Decl. of Z. Dean, ECF No. 67-2 ¶¶8, 10-12; Decl. of J. Campbell, ECF No. 67-3 ¶¶8, 10-12; Decl. of J. Lopez, ECF No. 67-5 ¶¶8, 10-12.)

**Plaintiff's Position**

Plaintiff provides no evidence that defendants Lopez, Dean, or Campbell were involved in his evaluation or the decision to administer the injection to Plaintiff.[6] The Incident Reports submitted by Plaintiff do not address Plaintiff's injection or the decision to medicate him. (ECF No. 60 at 16 (Exh. A.) and 17-18 (Exh. B.))

**Discussion**

The determination of whether Plaintiff's due process rights were violated rests on how and why the decision was made to medicate Plaintiff. See Loughner, 672 F.3d at 746 ("[u]nder Harper, forcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness"); Kulas, 159 F.3d at 455–56 (forced medication can only be justified by a determination by a neutral fact-finder that the antipsychotic drugs are medically appropriate and that the circumstances justify their application). Plaintiff has not provided evidence that any person except Dr. Cohen evaluated Plaintiff, made the decision to inject Plaintiff, and issued the medication order. Therefore, defendants Lopez, Dean, and Campbell are entitled to judgment as a matter of law on Plaintiff's claim against them for violation of due process.

**C.    Defendant Vera-Brown**

Defendant Vera-Brown argues that she is not liable for forcing medication on Plaintiff because she was not at work when the order came in to inject Plaintiff, she has no recollection

---

[6] Plaintiff's opposition to Defendants' cross-motion is not verified and therefore has no evidentiary value. Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006).

of injecting Plaintiff, and the order was signed by another nurse. Her evidence consists of her declaration and supporting exhibits.

> "I am a Registered Nurse employed by the California Department of Corrections and Rehabilitation (CDCR) since 2007. In December 2008, I worked at Corcoran State Hospital as a Registered Nurse. I am aware that Plaintiff Lamont Shepard alleges that I injected him with medication against his will at Corcoran State Prison on December 13, 2008. According to the prison's medical records, which are attached as Exhibit B, Dr. Cohen was in charge of Shepard's treatment on December 13, 2008. Dr. Cohen gave an order to administer 10mg of Haldol to Shepard. I did not give the order. A copy of the Physician's Orders showing Dr. Cohen's order is included as part of Exhibit B. Plaintiff alleges that I injected him with medication on December 13, 2008. I do not have independent recollection of this, and the medical record does not show this. In fact, a review of the medical records shows that I probably did not give the injection. The Physician's Orders show that Dr. Cohen ordered the shot at 0940 hours. But I did not begin my shift until 1000. Further, the records show that the order was noted by another nurse – not me. Thus, the medical records show that I was not the person who injected Plaintiff. Regardless, Dr. Cohen ordered the injection. I knew Dr. Cohen to be properly licensed and employed physician. I have never knowingly followed a medical order or given an injection that I believed was illegal, improper, or harmful. Thus, if I did give the injection, I would have been simply following an apparently lawful doctor's order by administering an injection of Haldol to Shepard."

(Decl. of Vera-Brown, ECF No. 67-4 ¶¶2-6.) Defendant Vera-Brown's Exhibit B consists of two pages.[7] The first page is a record of Physician's Orders for Lamont Sheppard, with a notation signed by "Cohen, MD" and another unidentified signature, that on December 13, 2008, "Meds: Haldol 10mg IM x 1 dose now" was ordered. (ECF No. 67-4 at 4.) The second page is a record of Interdisciplinary Progress Notes on CDCR form 7230 MH, dated and signed by "Cohen, MD" on 12/13/08 at 0950, reporting Lamont Sheppard's behavior and medical history upon his arrival at the ER. (ECF No. 67-4 at 5.)

**Plaintiff's Position**

Plaintiff claims in the Second Amended Complaint that Nurse Vera-Brown was the nurse who injected him.

> "Dr. Cohen ordered defendants Sgt. Lopez, C/O Dean, and C/O Campbell to hold Plaintiff down, then ordered LVN Vera-Brown to give Plaintiff 10 mg. of the medication Haldol. . . . With Plaintiff held

---

[7] The court has no record of an Exhibit A submitted with defendant Vera-Brown's declaration.

> [down], Dr. Cohen ordered LVN Vera-Brown to administer the medication into Plaintiff's right arm. After the injection, Plaintiff was released from Defendants' grip and placed in a holding cell, where his heart started beating irregularly."

(2ACP, ECF No. 41 at 3-4 ¶ IV.) The Incident Reports submitted by Plaintiff do not address Plaintiff's injection or the decision to medicate him. (ECF No. 60 at 16 (Exh. A.) and 17-18 (Exh. B.))

### Discussion

Defendant Vera-Brown has provided evidence that she was not the nurse who injected Plaintiff and that she would not have made the decision to forcefully medicate Plaintiff. Even taking as true Plaintiff's allegation that defendant Vera-Brown was the nurse in attendance who injected him, Plaintiff's evidence shows that she proceeded with the injection because Dr. Cohen gave her an order to inject 10 mg. of the medication Haldol into Plaintiff's right arm. (Id.) Plaintiff provides no evidence that anyone besides Dr. Cohen was involved in the decision to forcefully medicate Plaintiff. Thus, defendant Vera-Brown is entitled to judgment as a matter of law on Plaintiff's due process claim against her.

### D.    Defendant Dr. Cohen

Plaintiff brings his motion against defendant Dr. Cohen for forced medication. To date, defendant Cohen has not been served with process or appeared in this action. Therefore, Plaintiff's motion against defendant Cohen is premature and shall not be considered by the court at this juncture.

### VI.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court finds that Plaintiff has not established beyond controversy every essential element of any of his claims and therefore is not entitled to summary judgment, and that a genuine issue of material fact remains for trial as to whether defendants Dean, Campbell, and Lopez used excessive force against Plaintiff. The court also finds that defendant Vera-Brown has established there is no triable issue of fact as to any of the claims against her, and therefore she is entitled to judgment as a matter of law. The court also finds that defendants Dean, Campbell, and Lopez have established there is no triable issue of

///

fact as to whether they forcefully medicated Plaintiff, and therefore they are entitled to judgment as a matter of law on Plaintiff's due process claim.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for summary judgment, filed on October 4, 2014, be DENIED;

2. Defendants' cross-motion for summary judgment, filed on December 8, 2014, be GRANTED in part and DENIED in part;

3. Defendants' cross-motion for summary judgment be GRANTED in favor of defendant Vera-Brown on all of Plaintiff's claims against her;

4. Defendants' cross-motion for summary judgment be GRANTED in favor of defendants Dean, Campbell, and Lopez on Plaintiff's due process claim;

5. Defendants' cross-motion for summary judgment be DENIED as to defendants Dean, Campbell, and Lopez on Plaintiff's excessive force claim; and

6. This case now proceed against defendant Cohen for violation of Plaintiff's rights to due process under the Fourteenth Amendment, and against defendants Cohen, Dean, Campbell, and Lopez for use of excessive force against Plaintiff in violation of the Eighth Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that

///
///
///
///
///

failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: __**September 2, 2015**__            _____**/s/ Gary S. Austin**_____
                                                                                      UNITED STATES MAGISTRATE JUDGE