UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>  Plaintiff,<br><br>  v.<br><br>COHEN, et al.,<br><br>  Defendants. | No. 1:11-CV-00535-DAD-EPG-PC<br><br>ORDER DISMISSING DEFENDANT COHEN FROM THIS ACTION DUE TO PLAINTIFF'S FAILURE TO EFFECT SERVICE, WITHOUT PREJUDICE |

**I.   RELEVANT PROCEDURAL HISTORY**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 30, 2011. (Doc. No. 1.) The action now proceeds on the Second Amended Complaint filed on May 19, 2014, against defendant Dr. Cohen with respect to plaintiff's due process claim, and against defendants Dr. Cohen, Sergeant J. Lopez, C/O Z. Dean, and C/O J. Campbell with respect to plaintiff's excessive use of force claim. (Doc. No. 41.)

On December 3, 2015, the United States Marshal ("Marshal") filed a return of service unexecuted as to defendant Cohen, indicating that the Marshal was unable to locate defendant Cohen for purposes of service of service of process. (Doc. No. 88.)

/////

/////

1

**II.    SERVICE BY UNITED STATES MARSHAL**

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

**A. <u>Background</u>**

On November 18, 2013, the Court issued an order directing the Marshal to initiate service of process of the first amended complaint upon the defendants in this action, Dr. Cohen, Sergeant J. Lopez, Correctional Officer Dean, and Correctional Officer J. Campbell. (Doc. No. 13.) On January 9, 2014, the Marshal filed waivers of service signed by defendants Campbell, Dean, and Lopez. (Doc. No. 17.) On January 27, 2014, defendants Lopez, Dean, and Campbell filed an answer. (Doc. No. 18.) On January 29, 2014, the Court issued a scheduling order commencing discovery in this action. (Doc. No. 22.)

On May 1, 2014, plaintiff filed a motion to amend his complaint, which was granted, and on May 19, 2014, he filed the second amended complaint, adding defendant Vera Brown to the action. (Doc. Nos. 38, 41.) On June 10, 2014, defendants Lopez, Dean, and Campbell filed an answer to the second amended complaint. (Doc. No. 43.) On August 1, 2014, the Court issued an order for the Marshal to cease service of process of the first amended complaint. (Doc. No. 47.)

On August 22, 2014, the Court issued an order directing the Marshal to initiate service of process of the second amended complaint upon defendants Brown and Cohen. (Doc. No. 54.) On October 14, 2014, the Marshal filed a waiver of service signed by defendant Brown. (Doc. No. 59.) On November 24, 2014, defendant Brown filed an answer to the second amended complaint. (Doc. No. 63.) In light of defendant Brown's late appearance in the case, the Court issued a second scheduling order on December 5, 2014, extending the pretrial deadlines in this action. (Doc. No. 66.)

On May 26, 2015, the Marshal filed a return of service unexecuted as to defendant Cohen. (Doc. No. 78.) The return of service indicated that on September 26, 2014, the Marshal mailed service documents to defendant Cohen at Corcoran State Prison, at the address provided by plaintiff for that purpose. *Id*. On May 26, 2015, the Marshal was unable to locate and serve defendant Cohen. *Id*. On May 29, 2015, the court issued an order requiring plaintiff to show cause why defendant Cohen should not be dismissed from this case, due to plaintiff's failure to effect service pursuant to Rule 4(m). (Doc. No. 80.) On June 12, 2015, plaintiff responded to the order, reporting that he did not know defendant Cohen's current address, and requesting assistance from CDCR to locate defendant Cohen. (Doc. No. 82.)

On July 9, 2015, the court issued an order directing the Marshal to initiate re-service upon defendant Cohen using the assistance of the CDCR's Legal Affairs Division. (Doc. No. 83.) On December 3, 2015, the Marshal again filed a return of service unexecuted as to defendant Cohen, indicating that on July 25, 2015, they sent mail to CDCR's Special Investigator for CDCR's Legal Division, and on October 30, 2015, they mailed service documents to a new address for defendant Cohen, which was also found to be invalid. *Id*. On November 19, 2015, the CDCR

3

reported they had no new information regarding defendant Cohen's current address. *Id.* Thus, the Marshal was unable to locate defendant Cohen for service.

### B. Discussion

Plaintiff has been granted ample opportunity but has not provided sufficient information to locate defendant Dr. Cohen for purposes of service of process. The U.S. Marshal has made two attempts, at the Court's direction, to locate defendant Cohen, without success. As discussed above, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22. The court finds that plaintiff is unable to locate defendant Cohen, and any further attempts at service of process would be futile. The court cannot continue to expend its scarce resources assisting a litigant who cannot locate a defendant against whom his case proceeds. Plaintiff was forewarned in the Court's order of May 29, 2015, that if he could not provide the U.S. Marshal with additional information to locate defendant Cohen for purposes of service of process, defendant Cohen would be dismissed from this action. (Doc. No. 80 at 3:3-5.)

## III.  CONCLUSION

Accordingly, based on the foregoing,

1. Defendant Dr. Cohen is DISMISSED without prejudice from this action, based on Plaintiff's failure to effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure; and
2. The Clerk of the Court is DIRECTED to reflect the dismissal of defendant Cohen on the Court's docket.

IT IS SO ORDERED.

Dated:  **December 18, 2015**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4