UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>          Plaintiff,<br><br>     vs.<br><br>COHEN, et al.,<br><br>          Defendants. | 1:11-cv-00535-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS, OR FOR EXTENSION OF TIME, TO ADD OR REINSTATE DEFENDANTS AND INITIATE FURTHER SERVICE OF PROCESS<br>(ECF No. 100.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND/OR INVESTIGATOR<br>(ECF No. 99.) |

**I.     BACKGROUND**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The incident at issue in this case occurred on December 13, 2008 at Corcoran State Prison in Corcoran, California while Plaintiff was incarcerated there. Plaintiff filed the Complaint commencing this action on March 30, 2011. (ECF No. 1.) This action now proceeds on the Second Amended Complaint filed on May 19, 2014, against defendants Sergeant J. Lopez, C/O Z. Dean, and C/O J. Campbell on Plaintiff's excessive force claim. (ECF No. 41.) This case is scheduled for jury

trial to commence on August 2, 2016 at 1:00 p.m. before District Judge Dale A. Drozd. The pretrial conference is scheduled for June 20, 2016 at 1:30 p.m. before Judge Drozd.

On June 9, 2016, Plaintiff filed a motion to stay the proceedings in this case, or for a sixty-day extension of time, to add or reinstate defendants and initiate further service of process. (ECF No. 100.) On the same date, Plaintiff also filed a motion for appointment of counsel and/or investigator. (ECF No. 99.)

## II.    PLAINTIFF'S MOTION FOR STAY OR EXTENSION OF TIME

Plaintiff requests a stay of the proceedings in this case, or an extension of time, to add or reinstate defendants Dr. Cohen, LVN Vera Brown, and RN Antonia Palos, and initiate further service of process.

### A.    Dr. Cohen

Plaintiff's Second Amended Complaint alleges that Dr. Cohen was the doctor who made the decision to forcefully inject Plaintiff with medication. Plaintiff contends that Dr. Cohen's decision violated his Eighth Amendment right to be free from excessive force, and his Fourteenth Amendment right to due process. Dr. Cohen was employed at CSP and was fired before Plaintiff's lawsuit was filed. Neither CDCR nor Plaintiff has a current address for Dr. Cohen. As described below, he was dismissed from this action on December 21, 2015 without prejudice for Plaintiff's failure to serve him.

Plaintiff wishes to delay the trial against remaining defendants Lopez, Dean, and Campbell in order to obtain an investigator or other assistance to locate Dr. Cohen. Plaintiff contends that Dr. Cohen can be located, because in 2010 Dr. Cohen was located and served in Plaintiff's other case 1:09-cv-01628-OWW-GBC-PC;[1] Shepard v. Cohen, et al. Plaintiff also suggests that Dr. Cohen "can be googled by his license I.D.# and/or by CDCR contract with defendant Cohen from the time period of December 13, 2008 thru May 2016." (ECF No. 100 at 2.)

---

[1] Plaintiff refers to case number 1:09-cv-1628-GSA-PC, which was the original case number for this case. Subsequently, the case was reassigned to other judges and the case number was changed to 1:09-cv-1628-OWW-GBC-PC.

The U.S. Marshal ("Marshal") has previously attempted service upon Dr. Cohen twice in this case, at different addresses, without success. On August 22, 2014, the Court issued an order directing the Marshal to initiate service of process of the Second Amended Complaint upon defendants Brown and Cohen. (ECF No. 54.) On May 26, 2015, the Marshal filed a return of service unexecuted as to defendant Cohen. (ECF No. 78.) The return of service indicated that on September 26, 2014, the Marshal mailed service documents to defendant Cohen at Corcoran State Prison, at the address provided by Plaintiff. Id. On May 26, 2015, the Marshal was unable to locate and serve defendant Cohen. Id.

On May 29, 2015, the Court issued an order for Plaintiff to show cause why defendant Cohen should not be dismissed from this case, for Plaintiff's failure to effect service pursuant to Rule 4(m). (ECF No. 80.) On June 12, 2015, Plaintiff responded to the order, reporting that he did not know defendant Cohen's current address, and requesting assistance by the CDCR. (ECF No. 82.)

On July 9, 2015, the Court issued an order directing the Marshal to attempt service upon defendant Cohen using the assistance of the CDCR's Legal Affairs Division to locate Cohen. (ECF No. 83.) On December 3, 2015, the Marshal filed a return of service unexecuted as to defendant Cohen, indicating that on July 25, 2015, they contacted CDCR's Special Investigator for CDCR's Legal Division, who provided a new address for Cohen. On October 30, 2015, the Marshal mailed service documents to the new address, which was found to be invalid. (ECF No. 88.) On November 19, 2015, the CDCR reported they had no new information. Id. Thus, the Marshal was unable to locate defendant Cohen for service.

On December 21, 2015, the Court dismissed Dr. Cohen from this action, without prejudice, due to Plaintiff's failure to provide sufficient information for the Marshal to locate and serve Dr. Cohen.[2]  (ECF No. 90.)

---

[2] Where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483–84 (1995).

On Plaintiff's suggestion, the Court has reviewed case 1:09-cv-01628-OWW-GBC-PC to find an address for Dr. Cohen. In that case, Dr. Cohen was successfully served at Corcoran State Prison on July 28, 2010. (1:09-cv-01628, ECF No. 24.) This information, however, is not useful for further service, because the Marshal attempted service on Dr. Cohen at Corcoran State Prison in 2015, as discussed above, and was unable to serve Dr. Cohen there.

The Court finds that at this late stage of the proceedings, on the eve of trial, it would cause undue delay to postpone trial for the remaining defendants and would prejudice the defendants who are preparing for trial in August. The incident took place more than seven years ago. The case has been pending for more than five years. The dismissal of Dr. Cohen was without prejudice so the case against him may go forward at another time, apart from the case against the remaining defendants, if Plaintiff is able to locate him. Plaintiff had ample time to locate Dr. Cohen, and the Court and CDCR made repeated efforts to serve him to no avail. There is no guarantee he can be found with more time. Therefore, as to the request to delay trial in the hopes of finding defendant Dr. Cohen, Plaintiff's motion shall be denied.

### B.     RN Antonia Palos

Plaintiff also seeks additional time to serve RN Antonia Palos with process. Plaintiff states that Defendants identified Palos as one of the nurses who injected Plaintiff during the incident at issue in this case.

Plaintiff has not named RN Antonia Palos as a defendant in this case before now, or requested leave to amend the complaint to add this defendant. While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "'shall be freely given when justice so requires,'" Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).
///

Granting Plaintiff leave to amend the complaint to add a new defendant at this late stage of the proceedings, on the eve of trial, would cause undue delay in the litigation, because such amendment would require further service of process and discovery, which could take months or even years. Such a delay would prejudice Defendants. Moreover, Plaintiff has not explained why he waited more than five years since this case was filed to add RN Antonia Palos as a defendant. Such delay suggests a lack of due diligence. Therefore, as to RN Antonia Palos, Plaintiff's motion shall be denied.

### C. Vera-Brown

Plaintiff also seeks to reinstate LVN Vera-Brown as defendant in this case. This request shall be denied. The Court entered summary judgment in favor of this defendant on September 28, 2015.[3] (ECF No. 85.) Plaintiff provides no basis for reinstating defendant LVN Vera-Brown at this juncture, now that summary judgment has been entered.

### III. MOTION FOR APPOINTMENT OF COUNSEL AND/OR INVESTIGATOR

Plaintiff requests appointment of counsel and/or an investigator to assist him with locating defendant Dr. Cohen, gathering evidence, and cross-examining witnesses.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to

///

---

[3] Summary judgment was granted in favor of defendant Vera Brown on Plaintiff's due process claim against her, based on evidence that she would not have made the decision to forcefully medicate Plaintiff, and that she proceeded with the injection because Dr. Cohen gave her an order to inject the medication. (ECF No. 84 at 6-14; ECF No. 85.)

articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find exceptional circumstances. Plaintiff argues that he is proceeding *in forma pauperis* and is unable to afford counsel. Plaintiff also argues that he is at a disadvantage because of his imprisonment, and he is not knowledgeable about the law. These facts, without more, do not make Plaintiff's case exceptional. Based on a review of the record in this case, the Court finds that Plaintiff's excessive force claim is not complex, and Plaintiff can adequately articulate his claims.

Moreover, the Court cannot make a determination in this case that Plaintiff is likely to succeed on the merits. Plaintiff claims that excessive force was used against him when he was held down for an injection. Defendants claim they did not use any force against Plaintiff. The prison's procedure for involuntarily medicating inmates who are uncooperative is to place them in a five-point restraint system. (Declaration of Z. Dean, ECF No. 67-2 ¶9);(Decl. of J. Campbell, ECF No. 67-3 ¶9); (Decl. of J. Lopez, ECF No. 67-5 ¶9.) Thus, Defendants would have had the right to use some force against Plaintiff if necessary to restrain him using the five-point restraint system.

Therefore, Plaintiff's motion for appointment of counsel shall be denied.

As to Plaintiff's request for appointment of an investigator, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir.1989). The *in forma pauperis* statute does not authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915. Therefore Plaintiff has no right to the appointment of an investigator. Williams v. Wasco State Prison, No. 1:14-CV-01714-MJS PC, 2015 WL 3868566, at *1 (E.D.Cal. June 23, 2015) (citing see Rogers v. Giurbino, 288 F.R.D. 469, 489–90 (S.D.Cal.2012). Therefore, Plaintiff's motion for appointment of an investigator shall be denied.

///
///
///

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay proceedings, or for extension of time, to add or reinstate defendants and initiate further service of process, filed on June 9, 2016, is DENIED; and

2. Plaintiff's motion for appointment of counsel and/or investigator, filed on June 9, 2016, is DENIED.

IT IS SO ORDERED.

Dated: **June 16, 2016**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE