UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>      Plaintiff,<br><br>    vs.<br><br>SERGEANT J. LOPEZ,<br><br>C/O Z. DEAN, and<br><br>C/O J. CAMPBELL,<br><br>      Defendants. | 1:11-cv-00535-DAD-EPG-PC<br><br>**AMENDED PRETRIAL ORDER**<br><br>ORDER FOLLOWING TELEPHONIC TRIAL CONFIRMATION HEARING HELD ON JUNE 20, 2016<br><br>**Deadline to file Motions in Limine**:<br>    July 5, 2016<br><br>**Oppositions to Motions in Limine due**:<br>    July 20, 2016<br><br>**Motions in Limine Hearing**:<br>    Morning of trial<br>    August 2, 2016 at 1:00 p.m. in<br>    Courtroom 5 (DAD)<br><br>**Other Pretrial Submissions due**:<br>    July 20, 2016<br><br>**Jury Trial**: August 2, 2016, at 1:00 p.m. in<br>               Courtroom 5 (DAD) |

*The parties should note that this pretrial order is amended only to reflect the change in the time scheduled for the commencement of trial, from 8:30 a.m. to <u>1:00 p.m.</u>  The trial date remains the same, <u>August 2, 2016</u>.  Therefore, jury trial in this case is now scheduled for <u>August 2, 2016 at 1:00 p.m. in Courtroom 5</u>.*

This civil rights action, brought pursuant to 42 U.S.C. § 1983, proceeds on the initial Complaint filed *pro se* by state prisoner Lamont Shepard ("Plaintiff") on March 30, 2011, against defendants Sergeant J. Lopez, Correctional Officer Z. Dean, and Correctional Officer J. Campbell (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment. This case is presently set for trial on August 2, 2016 at 1:00 p.m. before District Judge Dale A. Drozd in Courtroom 5.

On June 13, 2016, Plaintiff filed his pretrial statement. (ECF No. 102.) On June 16, 2016, Defendants filed their pretrial statement. (ECF No. 103.) Having reviewed the pretrial statements and the remainder of the file, the Court now issues a pretrial order.

On June 20, 2016 at 1:30 p.m., a telephonic trial confirmation hearing was held before District Judge Dale A. Drozd. Plaintiff appeared telephonically on his own behalf, and defense counsel John P. Walters, California Deputy Attorney General, appeared telephonically on behalf of Defendants.

## I.     Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. § 1391. There is no dispute as to the Court's jurisdiction or the propriety of venue.

## II.    Jury Trial

All parties request a trial by jury. Fed. R. Civ. P. 38(b).

## III.   Facts and Evidentiary Issues

### A.    Defendants' Undisputed Facts

1. Plaintiff was an inmate at California State Prison, Corcoran on December 13, 2008.
2. Plaintiff was involved in an incident in his housing unit, and was charged with threatening a peace officer.
3. Plaintiff was evaluated by Licensed Vocations Nurse E. Nelson, who referred Plaintiff to the prison hospital for further evaluation.

4. Defendants Campbell, Dean, and Lopez were not involved in the incident in the housing unit, but were present to escort and secure Plaintiff in the prison hospital.

5. Dr. Cohen evaluated Plaintiff and ordered Plaintiff to be injected with Haldol.

6. Defendants were present when Plaintiff was injected.

7. Plaintiff alleges that Defendants used excessive force while restraining him for the injection.

8. Defendants deny restraining Plaintiff or using any force at all.

B. **Plaintiff's Undisputed Facts**

1. Defendants are very knowledgeable about the allegations in the Complaint.

2. Defendants Z. Dean, J. Lopez and J. Campbell are also aware that each of them held Plaintiff down in a 3 point position to be injected with 10 mg. of Haldol.[1]

3. Defendants are knowledgeable about the information alleged throughout the Complaint.

4. Defendants are also aware that Plaintiff filed a 602 complaint against defendants J. Campbell, Z. Dean, and J. Lopez.

5. Plaintiff is entitled to all relief sought in the Complaint.[2]

6. Defendants are aware that they violated Plaintiffs federal rights.[3]

7. Defendants Z. Dean, Campbell, and J Lopez are aware that they used

---

[1] Defendants dispute this fact.

[2] Defendants dispute this fact.

[3] Defendants dispute this fact.

3

unnecessary excessive force against Plaintiff in the form of a 3 point.[4]

### C. Defendants' Disputed Factual Issues

Whether Defendants used excessive force against Plaintiff, and the nature and extent of any injuries sustained by Plaintiff.

### D. Plaintiff's Disputed Factual Issues

The allegations made in the Complaint filed May 19, 2014 regarding defendants Campbell, Dean, and Lopez's use of unnecessary, excessive, and unreasonable force that caused Plaintiff to suffer serious pain and extreme discomfort.

### E. Defendants' Disputed Evidentiary Issues

None known at this time.

### F. Plaintiff's Disputed Evidentiary Issues

Plaintiff anticipates disputes concerning the evidence Defendants intend to present at trial. Plaintiff disputes whether Defendants were forthcoming with discovery requested by Plaintiff, and whether Defendants denied Plaintiff requested discovery as a tactical advantage over Plaintiff.

## IV. Relief Sought

Plaintiff seeks compensatory and punitive damages in the combined sum of $1.3 million.

## V. Points of Law

This action proceeds only on Plaintiff's § 1983 claim against defendants Campbell, Dean, and Lopez for use of excessive force in violation of the Eighth Amendment. No other claims are at issue.

### A. Imposition of Liability Under Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[4] Defendants dispute this fact.

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Excessive Force – Eighth Amendment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a

federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### C. **Damages Issues**
#### 1. **Nominal Damages**

If the jury finds the plaintiff has proved his claim for violation of his constitutional rights, "nominal damages must be awarded 'as a symbolic vindication of [the plaintiff's] constitutional right' whether or not the constitutional violation causes any actual damage." George v. City of Long Beach, 973 F.2d 706, 708 (9th Cir. 1992) (quoting Floyd v. Laws, 929 F.2d 1390, 1401 (9th Cir. 1991)); Schneider v. County of San Diego, 285 F.3d 784, 794 (9th Cir. 2002). "If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive," Floyd, 929 F.2d at 1402-03, and the amount of actual damages a jury chooses to award, if any at all, is irrelevant to the plaintiff's entitlement to nominal damages, Schneider, 285 F.3d at 794-95; Floyd at 1402-03.

#### 2. **Punitive Damages**

Punitive damages are available in section 1983 actions. Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (citations omitted). "Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating the wrong." Id. at 810.

The plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence, id. at 807, and an award of punitive damages is predicated on the plaintiff proving that the defendant's conduct was malicious, wanton, or oppressive, or in reckless disregard of the plaintiff's rights, Smith v. Wade, 461 U.S. 30, 56 (1986); Dang, 422 F.3d at 807-09.

### 3. Physical Injury Required for Mental and Emotional Damages

Plaintiff claims that he suffered mental and psychological distress due to the actions of Defendants. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver, 289 F.3d at 627; accord Pierce v. County of Orange, 526 F.3d 1190, 1123-24 (9th Cir. 2008). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Oliver, 289 F.3d at 630.

### D. Federal Rules of Evidence

Federal Rule of Evidence 607 provides that the credibility of a witness may be attacked by any party. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked. Fed. R. Evid. 608(a).

"For a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1). However, under subdivision (b), "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it . . . [e]vidence of the conviction is admissible only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Fed. R. Evid. 404(b). Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

**VI.    Abandoned Issues**

None.

**VII.   Witnesses**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

    **A.    Plaintiff's Witnesses**

        1.   Himself, Lamont Shepard

    **B.    Defendants' Witnesses**

Defendants will call the following witnesses:

        1.   Defendant Campbell

        2.   Defendant Dean

        3.   Defendant Lopez

Defendants may call the following witnesses:

        1.   Licensed Vocation Nurse E. Nelson, California State Prison, Corcoran, 4001 King Avenue, Corcoran, CA 93212.

        2.   Lt. J. Cavanaugh, California State Prison, Corcoran, 4001 King Avenue, Corcoran, CA 93212.

        3.   Registered Nurse Ceballos, California State Prison, Corcoran, 4001 King Avenue, Corcoran, CA 93212.

        4.      Registered Nurse Rogers, California State Prison, Corcoran, 4001 King Avenue, Corcoran, CA 93212.

## VIII. Exhibits

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

Defendants shall prepare binders containing Defendants' and Plaintiff's trial exhibits, to be used at trial. The **original and four copies** of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy **Renee Gaumnitz** no later than **July 20, 2016**.

### A. Defendants' Exhibits

Defendants may offer the following exhibits:

1. Plaintiff's Rules Violation Report, Log. No. 3A-08-12-012, dated 12/14/08.
2. CDCR Crime/Incident Report, Log No. COR-03A-08-12-0700, dated 12/13/08.
3. CDCR 7219 Medical Report for Plaintiff by LVN E. Nelson, dated 12/13/08.
4. Plaintiff's Medical Records from 12/13/08 to 12/16/08.
5. Relevant pre-incident CDCR Medical Records of Plaintiff prior to 12/13/08.
6. Relevant post-incident CDCR Medical Records of Plaintiff after 12/13/08.

### B. Plaintiff's Exhibits

Plaintiff has not listed any exhibits for trial.

/////

**IX.    Discovery Documents To Be Used At Trial**

Defendants may offer relevant portions of Plaintiff's Deposition of August 22, 2014.

**X.    Further Discovery or Motions**

Discovery is complete.  Defendants anticipate filing motions *in limine* as needed.

**XI.    Stipulations**

None at this time.

**XII.    Amendments/Dismissals**

None at this time.

**XIII.    Settlement Negotiations**

A settlement conference was held, but the parties were unable to resolve the case. Defendants remain willing to participate in further discussions.

**XIV.    Agreed Statement**

None at this time.

**XV.    Separate Trial Of Issues**

None required at this time.

**XVI.    Impartial Experts - Limitation Of Experts**

None.  The only remaining claim and issue in this case is whether Defendants used excessive force against Plaintiff in violation of the Eighth Amendment, and expert testimony will not be required for this basic claim.

**XVII.    Attorney's Fees**

Not at issue. Plaintiff is proceeding *pro se*.

**XVIII.    Trial Exhibits**

No special handling needed.  Defense counsel will retain the exhibits pending a decision on appeal.

**XIX.    Trial Protective Order**

No protective order is anticipated at this time.

/////

/////

**XX.     Further Trial Preparation**

    **A.     Motions In Limine Hearing and Briefing Schedule**

Any motions *in limine* shall be filed by July 5, 2016.  Any opposition is due by July 20, 2016.  The Court will hear the parties' motions *in limine* on the morning of trial.

**Whether or not a party files a motion *in limine*, that party may still object to the introduction of evidence during the trial.**

    **B.     Other**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs.  If they wish to file trial briefs, they must do so on or before **July 20, 2016**.

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial.  If the parties wish to submit a proposed verdict form for consideration, they must do so on or before **July 20, 2016**.

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial.  Defendants shall file proposed jury instructions as provided in Local Rule 163 on or before **July 20, 2016**.  Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **July 20, 2016**.  In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible.  All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction.  One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition.  Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: **dadorders@caed.uscourts.gov**.

Proposed voir dire questions, if any, shall be filed on or before **July 20, 2016**.  Local Rule 162.1.

/////

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection, on or before **July 20, 2016**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

Defendants shall prepare binders containing Defendants' and Plaintiff's trial exhibits, to be used at trial. The **original and four copies** of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy **Renee Gaumnitz** by Defendants no later than **July 20, 2016**. All of Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). All of Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.).

If any videotape or DVD will be used for any purpose at trial by any of the parties, the party shall lodge a copy of the videotape or DVD with Courtroom Deputy **Renee Gaumnitz** by 4:00 p.m. on **July 20, 2016**. If a written transcript of audible words on the tape or DVD is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If any party intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, **that party shall** contact Courtroom Deputy **Renee Gaumnitz** at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

XXI. **Objections to Pretrial Order**

Any party may, within **ten (10) calendar days** after the date of service of this Order, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions or deletions.

/////

/////

/////

/////

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER**

IT IS SO ORDERED.

Dated:   **July 22, 2016**

　　　　　　　　　　　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE