UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. COHEN,<br><br>        Defendant. | Case No. 1:11-cv-00535-DAD-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT DR. COHEN SHOULD NOT BE DISMISSED FROM THIS ACTION WITHOUT PREJUDICE BEACAUSE OF PLAINTIFF'S FAILURE TO PROVIDE THE MARSHAL WITH ACCURATE AND SUFFICIENT INFORMATION TO EFFECT SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANT DR. COHEN<br>(ECF NO. 124)<br><br>THIRTY DAY DEADLINE |

**I.    RELEVANT PROCEDURAL HISTORY**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is currently proceeding on Plaintiff's Second Amended Complaint. (ECF No. 41). The Court[1] found cognizable claims in the complaint, and ordered it served on defendants Dr. Cohen and Vera-Brown. (ECF No. 48). Defendants Sgt. J. Lopez, Correctional Officer ("C/O") Z. Dean, and C/O J. Campbell were previously served, and the case against them has now been resolved.

---

[1] Magistrate Judge Gary S. Austin was the presiding magistrate judge in this case until October 13, 2015. (ECF No. 87).

(ECF No. 117). A settlement conference was held as to the claims against defendants Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell on May 20, 2016. (ECF No. 97). The case did not settle. (Id.). Because the claims against defendants Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell were not settled, a trial was held on August 2, 2016. (ECF No. 115). At the trial, the Court allowed the parties to engage in settlement negotiations, and the case settled. (Id.). As to the claims against defendant Vera-Brown, summary judgment was entered in her favor on all of the claims against her. (ECF No. 85).

As to defendant Dr. Cohen, on May 26, 2015, the summons was returned unexecuted because the United States Marshal Service ("Marshal") (ECF No. 78) was unable to locate him. Accordingly, the Court issued an order for Plaintiff to show cause why defendant Dr. Cohen should not be dismissed from the case (ECF No. 80). Plaintiff filed a response, stating that he did not know defendant Dr. Cohen's address, but that the California Department of Corrections and Rehabilitation ("CDCR") should have that information. (ECF No. 82). The Court then ordered the Marshal to initiate re-service by contacting the Legal Affairs Division of the CDCR for assistance in locating and effecting service on defendant Dr. Cohen. (ECF No. 83).

On December 3, 2015, the summons was once again returned unexecuted. (ECF No. 88). According to the Marshal, it contacted the CDCR Special Investigator for the CDCR Legal Division, but the address given to the Marshal was not valid and the CDCR did not have another address. (Id.). On December 21, 2015, District Judge Dale A. Drozd dismissed defendant Dr. Cohen from the case without prejudice. (ECF No. 90).

On August 8, 2016, Plaintiff asked for leave to effect service on several parties. (ECF No. 116). The Court granted the motion as to defendant Dr. Cohen. (ECF No. 118). Plaintiff submitted the service documents (ECF No. 120), and the Marshal was directed to serve defendant Dr. Cohen (ECF No. 121).

On January 26, 2017, the summons was returned unexecuted. (ECF No. 124). The Marshal stated that the waiver of service was returned to sender, and that the return enveloped stated that defendant Dr. Cohen was deceased. (Id.).

\\\

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[2]

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *overruled on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

The return of service filed by the Marshal on January 26, 2017, indicates that the waiver of service was returned unexecuted, and that defendant Dr. Cohen is now deceased. (ECF No. 124). There is no indication on the return of service that the Marshal received a response from defendant Dr. Cohen. (Id.). The Marshal certified that it was unable to locate defendant Dr. Cohen. (Id.).

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show

---

[2] Fed. R. Civ. P. 4(m) was amended in 2015 to reduce the time for serving a defendant from 120 days to 90 days. However, the time period to serve defendant Dr. Cohen has expired under both the pre-amendment version of the rule and the current version rule.

cause why defendant Dr. Cohen should not be dismissed from the case because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Dr. Cohen, who it appears is deceased. If Plaintiff is unable to provide the Marshal with additional information the Court will issue findings and recommendations to District Judge Dale. A. Drozd, recommending that defendant Dr. Cohen be dismissed from the case, without prejudice, and that the case be closed.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why the Court should not issue findings and recommendations to District Judge Dale. A. Drozd, recommending that defendant Dr. Cohen be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), and that the case be closed.

IT IS SO ORDERED.

Dated:   **January 27, 2017**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE