## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | Case No. 1:11-cv-00535-DAD-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT DR. COHEN BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, AND THAT THE CASE BE CLOSED |
| v. | |
| DR. COHEN, | |
| Defendant. | (ECF NOS. 128 & 132) |
| | TWENTY-ONE DAY DEADLINE |

## I.    RELEVANT PROCEDURAL HISTORY

Lamont Shepard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is currently proceeding on Plaintiff's Second Amended Complaint. (ECF No. 41).  The Court[1] found cognizable claims in the Second Amended Complaint, and ordered it served on defendants Dr. Cohen and Vera-Brown.  (ECF No. 48).

Defendants Sgt. J. Lopez, Correctional Officer ("C/O") Z. Dean, and C/O J. Campbell were previously served, and the case against them has now been resolved.  (ECF No. 117).  A settlement conference was held as to the claims against defendants Sgt. J. Lopez, C/O Z. Dean,

---

[1] Magistrate Judge Gary S. Austin was the presiding magistrate judge in this case until October 13, 2015.  (ECF No. 87).

and C/O J. Campbell on May 20, 2016. (ECF No. 97). The case did not settle. (Id.). Because the claims against defendants Sgt. J. Lopez, C/O Z. Dean, and C/O J. Campbell were not settled, a trial was held on August 2, 2016. (ECF No. 115). At the trial, the Court allowed the parties to engage in settlement negotiations, and the case settled. (Id.). As to the claims against defendant Vera-Brown, summary judgment was entered in her favor on all of the claims against her. (ECF No. 85).

As to defendant Dr. Cohen, on May 26, 2015, the summons was returned unexecuted because the United States Marshal Service ("the Marshal") was unable to locate defendant Dr. Cohen. (ECF No. 78). Accordingly, the Court issued an order for Plaintiff to show cause why defendant Dr. Cohen should not be dismissed from the case. (ECF No. 80). Plaintiff filed a response, stating that he did not know defendant Dr. Cohen's address, but that the California Department of Corrections and Rehabilitation ("CDCR") should have that information. (ECF No. 82). The Court then ordered the Marshal to initiate re-service by contacting the Legal Affairs Division of the CDCR for assistance in locating and effecting service on defendant Dr. Cohen. (ECF No. 83).

On December 3, 2015, the summons was once again returned unexecuted. (ECF No. 88). According to the Marshal, it contacted the CDCR Special Investigator for the CDCR Legal Division, but the address given to the Marshal was not valid and the CDCR did not have another address. (Id.).

On December 21, 2015, District Judge Dale A. Drozd dismissed defendant Dr. Cohen from the case without prejudice. (ECF No. 90). On August 8, 2016, Plaintiff asked for leave to effect service on several parties. (ECF No. 116). The Court granted the motion as to defendant Dr. Cohen. (ECF No. 118). Plaintiff submitted the service documents (ECF No. 120), and the Marshal was once again directed to serve defendant Dr. Cohen (ECF No. 121).

On January 26, 2017, the summons was returned unexecuted. (ECF No. 124). The Marshal stated that the waiver of service was returned to sender, and that the return enveloped stated that defendant Dr. Cohen was deceased. (Id.).

Accordingly, the Court issued another order to show cause, directing Plaintiff to show

cause why defendant Dr. Cohen should not be dismissed from the action without prejudice because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Dr. Cohen. (ECF No. 125). Plaintiff filed a response that provided an address for defendant Dr. Cohen. (ECF No. 126). Because Plaintiff provided a potential service address, the Court discharged the order to show cause (ECF No. 128), and once Plaintiff provided the appropriate service documents (ECF No. 129), ordered the Marshal to serve defendant Dr. Cohen (ECF No. 130). The Court also told Plaintiff that it was giving him "**one more opportunity** to have defendant Dr. Cohen served," and that if service of process failed again, the Court would issue findings and recommendations recommending that defendant Dr. Cohen be dismissed from this case without prejudice and that the case be closed. (ECF No. 128).

On June 14, 2017, the summons was once again returned unexecuted. (ECF No. 132).

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[2]

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other

---

[2] Fed. R. Civ. P. 4(m) was amended in 2015 to reduce the time for serving a defendant from 120 days to 90 days. However, the time period to serve defendant Dr. Cohen has expired under both the pre-amendment version of the rule and the current version rule.

grounds by <u>Sandin v. Connor</u>, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" <u>Walker</u>, 14 F.3d at 1422 (quoting <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. <u>Walker</u>, 14 F.3d at 1421-22.

## III.    ANALYSIS

The return of service filed by the Marshal on June 14, 2017, indicates that the Marshal attempted to serve defendant Dr. Cohen on several occasions. (ECF No. 132). There is no indication on the return of service that the Marshal received a response from defendant Dr. Cohen. (<u>Id.</u>). The Marshal certified that he or she was unable to locate defendant Dr. Cohen. (<u>Id.</u>).

Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Dr. Cohen, and has failed to serve defendant Dr. Cohen within the time period required by Federal Rule of Civil Procedure 4(m). As detailed above, Plaintiff has had several opportunities to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Dr. Cohen, but has failed to do so. Accordingly, the Court will recommend that defendant Dr. Cohen be dismissed from this action, without prejudice, and that the case be closed.

## IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendant Dr. Cohen be dismissed from this action because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Dr. Cohen within the time period prescribed by Federal Rule of Civil Procedure 4(m); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).

Within **twenty-one (21) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **seven (7) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 15, 2017**__          /s/ _Eric P. Groji_
UNITED STATES MAGISTRATE JUDGE