UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | Case No. 1:11-cv-00535-DAD-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | (ECF NO. 134) |
| DR. COHEN, | |
| Defendant. | |

Lamont Shepard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 26, 2017, Plaintiff filed a motion for appointment of pro bono counsel.[1] (ECF No. 134).

Plaintiff asks for appointment of counsel (who is also an investigator) because he is unable to afford counsel, because his imprisonment limits his ability to litigate, because the issues involved in this case are complex and will require significant research and investigation, and because counsel (who is also an investigator) will be better able to find defendant Dr. Cohen.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

---

[1] The Court notes that the docket entry says the motion was filed on June 2, 2017. However, the motion is dated June 20, 2017, and it was stamped as being filed on June 26, 2017.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At this early stage in the proceedings against defendant Dr. Cohen, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. While claims against defendant Dr. Cohen survived screening, defendant Dr. Cohen has not been served and has not filed a responsive pleading. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 28, 2017**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE